PETTIGREW, J.,
CONCURS IN THE RESULTS, AND ASSIGNS REASONS.
| ,The majority cites Oster v. Dep’t of Transp. & Dev., State of La., 582 So.2d 1285, 1288 (La. 1991), that the absence of an unreasonably dangerous condition of the thing implies the absence of a duty of the defendant. I disagree with that particular language in Oster. In my humble opinion the absence of an unreasonably dangerous condition of the thing only means there was no breach of duty by the defendant.
The majority also discusses the legal term “open and obvious,” which has been adopted by the courts of this state. I personally have concerns in how the courts are utilizing said term. It appears to me the courts are using it as we used to use the previous concept of contributory negligence, which was an automatic bar to someone recovering. I remind everyone we are now a comparative fault state. La. Civil Code art. 2323. The concept of contributory negligence has been subsumed into our analysis of comparative fault. In my opinion, “open and obvious” does not mean a duty does not exist. However, if something is found to be “open and obvious,” it is relevant in determining a breach of duty and whether an unreasonable risk of harm is present.
Having said the above, I will concur with the results reached by the majority because I find there was no breach of duty by defendants, and the curb did not create an unreasonable risk of harm.